IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-47-H

RENE ROBINSON, individually and as
ADMINISTRATRIX of the ESTATE OF
VELVET LEE FOOTE,

    Plaintiff,

v.

GOLDEN LIVING CENTER a/k/a GGNSC
HOLDINGS, LLC d/b/a SAVA SENIOR
CARE, LLC d/b/a MCGREGOR DOWNS
HEALTH AND REHABILITATION
CENTER and NEIL KURTZ,

    Defendants.

**ORDER and
MEMORANDUM &
RECOMMENDATION**

This matter is before the court on an application to proceed *in forma pauperis* filed by Rene Robinson and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred by the Honorable Malcolm J. Howard, Senior United States District Judge.

## DISCUSSION

### I. IFP Motion

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Although Robinson has submitted the wrong application form[1] in connection with her application to proceed *in forma pauperis*, the information she submitted sufficiently demonstrates her inability to pay the required costs. Her application to proceed *in forma pauperis* is, therefore, allowed as to the claims brought in her individual capacity.

To the extent Robinson is requesting that her mother's estate be allowed to proceed as a pauper, that request must be denied however. Under 28 U.S.C. § 1915, "only a natural person may qualify for treatment *in forma pauperis*." *Rowland v. Cal. Men's Colony, Unit II Advisory Council*, 506 U.S. 194, 196 (1993). A decedent's estate is not a "natural person" qualifying for treatment *in forma pauperis*. *In re Estate of Van Patten*, 553 F. App'x 328, 328 (4th Cir. 2014) (unpublished).

## II. Subject Matter Jurisdiction

On April 4, 2019, Robinson filed a notice of removal seeking to remove a medical malpractice action filed by her, individually and in her capacity as the administratrix of her mother's estate, in the Superior Court of Pitt County, North Carolina, on November 22, 2016. (Notice Removal [DE #1-2].) Robinson states that the action is now pending before the North Carolina Supreme Court on a petition for discretionary review. (*Id.* at 1.) Attached to Robinson's filing are numerous court documents, including appellate records indicating that on February 19, 2019, the

---

[1] A pro se plaintiff must pay the $400 civil filing fee or submit Form AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *See Representing Yourself in a Civil Case: A Guide for the Pro Se Litigant*, available at http://www.nced.uscourts.gov/pdfs/proseGuide.pdf. Robinson submitted the short-form application, Form AO 240.

North Carolina Court of Appeals affirmed the dismissal of the state-court action for failure to properly plead a medical malpractice claim in accordance with Rule 9(j) of the North Carolina Rules of Civil Procedure. (N.C. Ct. App. Opinion [DE #1-3] at 99-110.)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The right to remove a case derives solely from 28 U.S.C. § 1441, and the burden of demonstrating that removal is proper falls upon the party seeking removal. *Id.*

Robinson has failed to meet this burden. As plaintiff in the underlying state action, Robinson is not authorized to remove that action to federal court. This court is, therefore, without jurisdiction over the matter. The notice of removal filed by Robinson should be stricken and the matter remanded to state court.

## CONCLUSION

For the reasons stated above, Robinson's application to proceed *in forma pauperis* is GRANTED as to the claims brought in her individual capacity and it is RECOMMENDED as follows:

3

1. that any request for the estate to proceed *in forma pauperis* be DENIED;

2. that Plaintiff's notice of removal be STRICKEN and the matter REMANDED to the North Carolina General Court of Justice.

It is DIRECTED that a copy of this Order and Memorandum and Recommendation be served on Plaintiff, who is advised as follows:

You shall have until **May 20, 2019**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on

the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 1st day of May 2019.

_Kimberly A. Swank_
KIMBERLY A. SWANK
United States Magistrate Judge